**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

**UNITED STATES OF AMERICA**                                   **RESPONDENT**


**v.**                        **No. 4:12-cr-40026-SOH-BAB**


**WALTER RICHARD ROBERTS**                                        **MOVANT**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Review of Sentence Pursuant to 18 U.S.C. §3742 (ECF No. 32), Motion for Certification (ECF No. 34) and Motion Requesting Hearing (ECF No. 35) filed herein by **WALTER RICHARD ROBERTS**, (hereinafter referred to as "Roberts").  Roberts is currently incarcerated at Oakdale Federal Correctional Institution, Oakdale, Louisiana.  The Government has responded to the Motions.  These Motions were referred for findings of fact, conclusions of law and recommendations for the disposition of the case.  The Court has considered the Motions and Responses thereto, as well as the record in this case and finds the Motion for Review of Sentence Pursuant to 18 U.S.C. §3742 (ECF No. 32), Motion for Certification (ECF No. 34) and Motion Requesting Hearing (ECF No. 35) should be **DENIED**.

1. **Procedural Background**:

On November 1, 2012, Roberts entered a guilty plea to Count 1 of the Indictment in this case, knowingly transporting a minor in interstate commerce with the intent to engage in sexual activity, for which a person could be charged with a criminal offense, namely First Degree Sexual Abuse, in violation of 18 U.S.C. § 2423(a).  The parties entered into a written plea agreement which contained

a recitation of facts underlying the crime charged.  In summary, the facts set out in the plea agreement, and specifically agreed to by Roberts, were as follows:  In February 2012, an adult man notified Texarkana, Arkansas, police that Walter Richard Roberts, a long-time youth baseball coach, had sexually abused the man on more than 100 occasions between 1986 and 1992, when the victim was between 9 and 14 years old. An investigation revealed that Roberts had abused many other boys. On one occasion in 1988 or 1989, Roberts sexually abused one boy on a fishing trip that crossed the Arkansas border into Texas.

On June 6, 2013, Roberts was sentenced by United States District Judge Susan O. Hickey to 120 months imprisonment, 3 years supervised release, $91,408.60 in restitution, and $50 special assessment.  ECF No. 21.

The day after his sentencing, June 4, 2013, Roberts filed his notice of appeal.  ECF No. 23. On appeal Roberts claimed his sentence violated the *Ex Post Facto* clause and further the sentencing court abused its discretion at sentencing.  On April 14, 2014, the United States Court of Appeal for the Eighth Circuit affirmed the conviction and sentence.  *See United States v. Roberts*, 747 F.3d 990 (8th Cir. 2014).

**2.  Instant Petition**:

Roberts filed the instant Motion for Review of Sentence (ECF No. 32) on November 13, 2014.  In this Motion he asserts the following claims for relief:

A.  There is newly discovered evidence that could have resulted in a verdict of acquital.

B.  The newly discovered evidence shows Roberts did not knowingly enter the plea of guilty.

C.  His plea of guilty was not voluntary and was entered under fear and duress.

He attached serveral affidavits of family members all of which averred he was asked to assist with

youth baseball teams in 2011 by parents.  His daughter Stacie Plant also averred in an affidavit she was never questioned by Roberts's counsel about the veracity of the complaining witness in this criminal matter.  She states she was a long time friend of the complaining witness and could have contradicted his statements about Roberts.

The Government asserts (1) this court lacks jurisdiction to consider the claims made, (2) the motion is untimely, (3) the issues raised have already been determined on direct appeal, and (4) in the alternative the court should summarily dismiss this Motion as a one brought pursuant to 28 U.S.C. § 2255.

**3.  Discussion:**

A.   The Court Lacks Jurisdiction: Roberts brings this motion pursuant to 18 U.S.C. § 3742(a)(1).  Section 3742(a)(1) is a provision for direct criminal appeals and does not authorize relief by a district court. *See United States v. Auman*, 8 F.3d 1268, 1270-71 (8th Cir.1993) ("These sections do not grant jurisdiction to a district court to review a final sentence.").  Accordingly, this Court lacks jurisdiction to consider the claims raised pursuant to § 3742(a)(1).

B.  Direct Appeal: Further, Roberts utilized § 3742(a)(1) when he filed his direct appeal.  He claimed on appeal this Court violated the *Ex Post Facto* Clause in *considering* the current guideline range when determining his sentence.  He further claimed this Court abused its discretion when it imposed a substantively unreasonable sentence that gave too much weight to the increased punishment authorized in the current statute and Guidelines; too little weight to his advisory guidelines range; and too little weight to mitigating factors such as a clean criminal history record, military and community service, and role as a good father and family provider.  As noted above the 8th Circuit affirmed his sentence and specifically held as follows:

-3-

> Here, the district court applied the Guidelines the parties agreed were in effect at the time of Roberts's offense in determining his advisory range, and then it considered the current Guidelines in determining the final sentence. Thus, the court perfectly anticipated the decision in *Peugh*. There was no error, much less plain error.
>
> . . .
>
> After careful review of the extensive sentencing record, we conclude there was no abuse of the district court's wide sentencing discretion.

*United States v. Roberts*, 747 F.3d 990, 992 (8th Cir. 2014).  As argued by the Government § 3742(a)(1) provides no mechanism for reopening a direct appeal.  This Court cannot consider claims decided on direct appeal, as § 3742(a) provides no such mechanism.

C.  Proceeding under 28 U.S.C. § 2255:  The issues raised by Roberts could appropriately be considered a motion to vacate, correct or set aside a sentence pursuant to 28 U.S.C. § 2255.  I note Roberts has not filed a previous § 2255 motion and further, note it appears his time for seeking such relief has not yet expired.[1]  This Court could treat Roberts's motion as one filed pursuant to § 2255, however, that could have serious and adverse consequences for his ability to proceed with other claims properly brought under § 2255.  The United States Supreme Court has determined a district court must:

> notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. § 2255.

*Castro v. United States*, 540 U.S. 375, 383 (2003).  Accordingly, this Court should not treat the instant Motion as one brought pursuant to § 2255 without first giving Roberts proper notice of its

---

[1] Roberts's sentence was affirmed by the 8th Circuit on April 3, 2014 and he has at least one year from that date in which to seek relief pursuant to § 2255.  The April 3, 2015 deadline may very well have been extended by other proceedings and I make no finding in that regard here.

-4-

intent to do so.  Roberts should be given the opportunity to either proceed with his instant Motion for Review of Sentence as his first § 2255 motion or be allowed to amend that Motion to specifically proceed under § 2255.

D.  Motion for Certification: Roberts also files a Motion for Certification (ECF No. 34) seeking to challenge the constitutionality of the statute of his conviction, 18 U.S.C. § 2423(a).  This challenge could properly be brought in a § 2255 proceeding and should be denied here unless Roberts elects to proceed in this matter as a § 2255 proceeding.

E.  Request for Hearing: Finally, Roberts files a Motion for Hearing (ECF No. 35) which challenges the adequacy of his counsel in the underlying criminal proceeding.   He also requests appointment of counsel to assist him in presenting a *habeas corpus* claim to the United States Supreme Court. These claims should also properly be brought in a § 2255 proceeding and should be denied here unless Roberts elects to proceed in this matter as a § 2255 proceeding.

**4.  Recommendation**:

Accordingly, based on the foregoing, it is recommended as follows:

A.  The Motion for Review of Sentence Pursuant to 18 U.S.C. §3742 (ECF No. 32) be **DENIED** for lack of Jurisdiction.

B.  The Motion for Certification (ECF No. 34) and Motion for Hearing (ECF No. 35) should both be **DENIED**.

C.  The Court should advise Roberts the claims presented in the three instant motions may be considered by the Court in a properly filed Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255.  The clerk of this court should be directed to provide Roberts with the approved form for filing such motion and set a deadline for Roberts to file such a motion if he

desires to do so.  If Roberts files the suggested motion pursuant to § 2255 within the time set by the Court for doing so, such filing should relate back to November 13, 2014, the date he filed the Motion to Review Sentence.

Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from Denials recommended above would not be taken in good faith.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **12th day of February 2015.**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE