IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

vs.                                    Criminal No. 4:12-cr-40026
                                       Civil No. 4:16-cv-04012

WALTER RICHARD ROBERTS                                                      MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Movant is Walter Richard Roberts ("Roberts") who is proceeding *pro se*. On February 1, 2016, Roberts filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 55. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 62. Roberts also filed a reply in support of his Motion. ECF No. 63.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.[1]

**1.    Procedural Background**:[2]

On August 22, 2012, Roberts was named in a one-count Indictment. ECF No. 1. Specifically, the Indictment charged Roberts with the following:

Between on or about June 1, 1988 through and including on or about September 1,

---

[1] As outlined below, the Court will also consider and recommend the denial of two additional motions: (1) Petitioner's Motion Moving the Court to Certify to the United States Attorney General, that 18 U.S.C. § 2423(a)'s Constitutionality Has Been Called Into Question, Pursuant to 28 U.S.C. § 2403; and (2) Petitioner's Motion Requesting That This Court Order the Clerk to File Petitioner's Motion Refused by the Clerk. ECF Nos. 68-69.

[2] The procedural background is taken from the Motion and Response filed in this matter as well as the Court's docket in this matter.

>1989, in the Western District of Arkansas, Texarkana Division and elsewhere, WALTER RICHARD ROBERTS, the defendant, knowingly transported M.S., who was then under the age of 18, in interstate commerce with intent to engage in sexual activity for which a person can be charged with a criminal offense, namely, First Degree Sexual Abuse in violation of Arkansas Code Annotated § 5-14-108; all in violation of 18 U.S.C. § 2423(a).

*Id.*

On August 28, 2012, Roberts appeared for arraignment with counsel, Craig Henry, before the undersigned and entered a plea of not guilty to this count. ECF No. 4. Thereafter, on November 1, 2012, Roberts appeared with counsel, Craig Henry, before the Honorable U.S. District Judge Susan O. Hickey for a change of plea hearing. ECF No. 13. A written plea agreement was presented to Judge Hickey which set forth Roberts's agreement to plead guilty to the count in the Indictment. ECF No. 14. Judge Hickey tentatively approved the plea agreement and ordered a Presentence Investigation Report ("PSR"). ECF No. 13.

On May 3, 2013, the Probation Office issued Roberts's PSR. ECF No. 16. Shortly thereafter, on May 20, 2013, the Probation Office issued a revised final PSR. ECF No. 19. This final PSR provided Roberts's guideline term of imprisonment to be 63 to 78 months. ECF No. 19 at 13. On May 22, 2013, Roberts appeared with counsel, Craig Henry, for sentencing. ECF No. 20.

At sentencing, Judge Hickey found an upward variance was appropriate. ECF No. 20 at 2. Judge Hickey sentenced Roberts to 120 months in the Bureau of Prisons ("BOP") with credit for time served in federal custody and then three years of supervised release. *Id.* Defendant was also ordered to pay restitution in the amount of $91,408.60. *Id.* On June 3, 2013, Judge Hickey entered a final judgment in this matter. ECF No. 21. Thereafter, on June 4, 2013, Roberts filed a notice of appeal. ECF No. 23. On May 2, 2014, the U.S. Court of Appeals for the Eighth Circuit affirmed Roberts's conviction. ECF No. 31.

On November 13, 2014, Roberts filed a pro se Motion for Review of Sentence. ECF No. 32. This Motion was denied. ECF No. 44. In the order denying this Motion, Judge Hickey noted that the claims Roberts raised were more properly considered as a part of a 28 U.S.C. § 2255 action. *Id.* In this order, Judge Hickey also *specifically advised* Roberts as to the deadline for filing a 28 U.S.C. § 2255 Motion: "Defendant must file any § 2255 motion **on or before October 30, 2015.**" *Id.* at 3 (emphasis added).

Despite this deadline, Roberts did not file his § 2255 motion until February 1, 2016. ECF No. 55. This was over three months after the deadline provided by Judge Hickey. With this § 2255 motion, Roberts claims his trial counsel was ineffective for a variety of reasons. *Id.* Specifically, he claims his trial counsel "failed in his duty to investigate the Petitioners criminal case for possible defenses thereby prejudicing the Petitioner." *Id.* at 4.

On March 28, 2016, the Government responded to this Motion. ECF No. 62. In this response, the Government claims Roberts's Motion is clearly time-barred. *Id.* In the alternative, the Government claims that even if Roberts's Motion is not time-barred, Roberts has failed to meet the requirements for relief under § 2255. *Id.* Further, the Government claims any motion for a certificate of appealability be denied. *Id.* This Motion is now ripe for consideration.

**2.    Applicable Law:**

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.    Discussion**:

In the substantive portion of his Motion, Roberts raises several ineffective assistance of counsel claims. Upon review, however, the Court finds this Motion is time-barred. Thus, the Court will not address these substantive claims.

**A.    One-Year Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255(f). In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction.

A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). Notably, if a defendant appeals his conviction and sentence to the Court of Appeals, then whether or not a petition for a writ of *certiorari* seeking review by the United States Supreme Court is filed, determines the date the judgment becomes final.

If a defendant does not file petition for a writ of *certiorari*, the one-year statute of limitations begins to run once the time for seeking review by the United States Supreme Court expires. *See Clay v. United States*, 537 U.S. 522, 532 (2003). Under the U.S. Supreme Court rules, this time

expires after "90 days after entry of judgment." SUP. CT. R. 13.

Accordingly, in Roberts's case, the mandate from the Eighth Circuit affirming his direct appeal was entered on May 2, 2014. ECF No. 31. Roberts then had 90 days or until July 31, 2014 to file a petition for a writ of *certiorari* with the United States Supreme Court. He did not seek review by the Supreme Court. On that date, July 31, 2014, Roberts's one year statute of limitations began to run for 28 U.S.C. § 2255 purposes. As such, Roberts had until July 31, 2015 to file his 28 U.S.C. § 2255 motion.

As noted above, however, Roberts instead filed a Motion for Review of Sentence. ECF No. 32. This Court construed such motion as one more properly made pursuant to § 2255. ECF No. 38. Judge Hickey denied the Motion for Review of Sentence and gave Roberts an extension, beyond July 31, 2015, in which to file his 28 U.S.C. § 2255 motion. Specifically, Judge Hickey's Order stated:

> Defendant must file any § 2255 motion on or before October 30, 2015. If Defendant chooses to file a § 2255 motion, the filing will relate back to the November 13, 2014 filing date of the Motion to Review Sentence.

ECF No 44, p. 3. Despite this extension, Roberts still waited until February 1, 2016 to file this motion. ECF No. 55. This was over six months beyond § 2255(f)'s one-year statute of limitations and three months after the specific extended deadline provided by Judge Hickey. Thus, absent some exception to the one-year statute of limitations extending this deadline, Roberts's 28 U.S.C. § 2255 motion is time-barred.

   B.   **Equitable Tolling**

The Court will now consider if an exception to the one-year statute of limitations applies. Although Roberts does not acknowledge his Motion is untimely, Roberts nevertheless argues his 28

U.S.C. § 2255 motion should not be dismissed because he is innocent. ECF No. 63. Upon review of this argument, the Court does recognize there is an exception to the one-year statute of limitations that applies in "extraordinary circumstances." *See United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005) (applying equitable tolling to 28 U.S.C. § 2255 cases).

However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to timely file a 28 U.S.C. § 2255 motion. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). *See, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." (quoting *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003))). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'" *Riddle v. Kemna,* 523 F.3d 850, 857 (8th Cir. 2008)(citations omitted).

Here, Roberts has offered no demonstration that he was both pursuing his rights diligently and some extraordinary circumstance stood in his way. There was no chance Roberts could have misunderstood the deadline for filing a § 2255 motion as he was given a specific deadline for such filing. *See* ECF No. 44. Based upon the record before the Court, Roberts entirely ignored this deadline, and he has offered no basis for his failure to follow Judge Hickey's express directive. He has not even alleged he was prevented in some way from seeking relief pursuant to § 2255. In fact, as is apparent from the filings made by Roberts in this case, he has been able to file documents on a regular basis, having made at least thirteen (13) *pro se* filings between the time the Eighth Circuit

affirmed his sentence and the filing of the instant § 2255 motion. Thus, the Court cannot find there are any "extraordinary circumstances" justifying the application of equitable tolling.

As a final note on this issue, Roberts did appeal Judge Hickey's order denying his Motion for Review of Sentence to the Eighth Circuit. ECF Nos. 45-54. On December 29, 2015, the Eighth Circuit, without discussion, summarily affirmed Judge Hickey's order. ECF No. 54. Roberts has not argued the time-period for this appeal as a basis for tolling the one-year statute of limitations, and I do not find it is a basis for tolling the one-year statute of limitations.

Roberts was given a deadline to file a § 2255 motion by this Court. He failed to do so. He has offered no reason for an extension of that deadline. Thus, Roberts's 28 U.S.C. § 2255 motion is time-barred.

**4.**　**Other Motions**:

Roberts has also filed two other motions in this case: (1) Petitioner's Motion Moving the Court to Certify to the United States Attorney General, that 18 U.S.C. § 2423(a)'s Constitutionality Has Been Called Into Question, Pursuant to 28 U.S.C. § 2403; and (2) Petitioner's Motion Requesting That This Court Order the Clerk to File Petitioner's Motion Refused by the Clerk. ECF Nos. 68-69.

**A.**　**Constitutionality of 18 U.S.C. § 2423(a)**

As for his first motion, the Court recommends Roberts's Motion Moving this Court to Certify to the United States Attorney General, that 18 U.S.C. § 2423(a)'s Constitutionality Has Been Called Into Question, Pursuant to 28 U.S.C. § 2403 (ECF No. 68) be **DENIED.**

With this motion, Roberts argues the criminal statute 18 U.S.C. § 2423(a) is unconstitutionally vague in light of the United States Supreme Court's decision in *Johnson v. United*

*States,* 135 S. Ct. 2551, 2553 (2015)**.**  In *Johnson,* the Supreme Court addressed a vagueness challenge to the Armed Career Criminal Act ("ACCA"), and the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantees of due process.

Upon review, the Court recommends this motion be denied for the following two reasons. First, this motion should be denied first because *Johnson* did not address the criminal statute applicable in Roberts's case and there has been no demonstration *Johnson* extends to this provision. As such, the Court cannot find that the statute of limitations began to run after *Johnson* was decided. *See* 28 U.S.C. § 2255 (f) (recognizing the statute of limitations may begin to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court . . ."). Second, *Johnson* was decided on June 26, 2015, which gave Roberts ample time to timely raise by October 30, 2015, the deadline for his 28 U.S.C. § 2255 motion.

Further, following this Court's Order (ECF No. 44) denying his Motion to Review Sentence (ECF No. 35), Roberts also filed an "Emergency Motion for Certification of Constitutional Question" with the Eighth Circuit on June 30, 2016. *See Walter Roberts v. United States*, Cause No. 16-3012 (8th Cir. 2016). This "Emergency Motion" raised the same issue as those raised with Roberts's Motion Moving the Court to Certify to the United States Attorney General, that 18 U.S.C. § 2423(a)'s Constitutionality Has Been Called Into Question, Pursuant to 28 U.S.C. § 2403. Namely, the issue raised is whether 18 U.S.C. § 2423(a) is unconstitutionally vague in light of the United States Supreme Court's decision in *Johnson v. United States*. The Government responded to this motion. On July 21, 2016, the Eighth Circuit entered its judgment denying Roberts's motion. ECF

No. 72-1. Thus, this "Emergency Motion" has already been addressed and considered by the Eighth Circuit.

### B.  Petitioner's Motion Refused by the Clerk

Additionally, the Court recommends Petitioner's Motion Requesting That This Court Order the Clerk to File Petitioner's Motion Refused by the Clerk (ECF No. 69) be **DENIED.**

Upon review, the Clerk refused Roberts's filing because it was entitled objections to a report and recommendation that had not been entered yet. *Id.* The Court finds the Clerk was correct in this assessment, as no report and recommendation had been entered. Should Roberts wish to file objections to this report and recommendation, he should do so within the time-period prescribed below.

### 5. Conclusion:

Roberts's Motion is time-barred under the AEDPA one-year statute of limitations. Further, Judge Hickey directed him to file any motion pursuant to 28 U.S.C. § 2255 by October 30, 2015. ECF No. 44. Instead of complying with that Order, Roberts waited until February 1, 2016 to file the instant 28 U.S.C. § 2255 motion.

### 6. Recommendation:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 55) be **DENIED** and dismissed with prejudice.[3] The Court further recommends no Certificate of Appealability issue in this matter.

---

[3] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).

As outlined above, I also recommend Petitioner's Motion Moving the Court to Certify to the United States Attorney General, that 18 U.S.C. § 2423(a)'s Constitutionality Has Been Called Into Question, Pursuant to 28 U.S.C. § 2403 (ECF No. 68) and Petitioner's Motion Requesting That This Court Order the Clerk to File Petitioner's Motion Refused by the Clerk (ECF No. 69) both be **DENIED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **30th day of August 2016.**

                                                /s/ Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              U.S. MAGISTRATE JUDGE