IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                           RESPONDENT

v.                              Criminal No. 4:12-cr-40026
                                Civil No. 4:16-cv-04012

WALTER RICHARD ROBERTS                                                                 MOVANT

## ORDER

Before the Court is the Report and Recommendation filed August 30, 2016, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 73). Judge Bryant recommends that Roberts' Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 55) be denied. In addition, Judge Bryant also recommends that Roberts' Motion to Certify to the United States Attorney General that 18 U.S.C. § 2423(a)'s Constitutionality Has Been Called Into Question, Pursuant to 28 U.S.C. § 2403 (ECF No. 68), as well as his Motion Requesting the Court Order the Clerk to File Petitioner's Motion Refused by the Clerk (ECF No. 69) also be denied. Roberts has filed timely objections to the Report and Recommendation. (ECF No. 74). The Court finds the matter ripe for consideration. After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

## BACKGROUND

On August 22, 2012, Roberts was charged in an Indictment with Transportation of a Minor in violation of 18 U.S.C. § 2423(a). Roberts ultimately pled guilty to the count in the Indictment and was sentenced to 120 months in the Bureau of Prisons with credit for time served in federal custody, as well as three years of supervised release. In addition, Roberts was ordered to pay $91,408.60 in restitution. On June 4, 2013, Roberts filed a Notice of Appeal and the

United States Court of Appeals for the Eighth Circuit subsequently affirmed his conviction. (ECF No. 31).

On November 13, 2014, Roberts filed a pro se Motion for Review of Sentence Pursuant to 18 U.S.C. § 3742(a)(1). (ECF No. 32). The Court subsequently denied Roberts' motion, reasoning that the claims raised therein would be more appropriate in a motion brought under 28 U.S.C. § 2255. (ECF No. 44). The Court ordered Roberts to re-file his claims in a Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 on or before October 30, 2015. (ECF No. 44 at pp. 2-3).

Roberts did not file the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 until February 1, 2016. (ECF No. 55). In the motion, Roberts raises claims of ineffective assistance of counsel. The Government filed its response to the motion and asserted that the claims raised in Roberts' motion were time-barred. (ECF No. 62). The Government further argues that, even if Roberts' ineffective assistance of counsel claims were not time-barred, Roberts' claims were without merit and should be denied. *Id*. In addition, the Government argued that any request for a certificate of appealability should be denied. *Id*.

On August 30, 2016, Judge Bryant issued a Report and Recommendation that Roberts' Motion under § 2255 be denied because the motion is time-barred under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. Specifically, Judge Bryant noted that Roberts failed to comply with this Court's order directing Roberts to file such a motion on or before October 30, 2015. (ECF No. 44). Moreover, Judge Bryant concluded that Roberts was not entitled to equitable tolling of the statute of limitations in this matter because Roberts failed to show that he pursued his rights diligently or that he had some extraordinary circumstance in his way that prevented timely filing. (ECF No. 73, p. 6).

## DISCUSSION

### A. Motion to Vacate, Set Aside or Correct Sentence

On September 8, 2016, Roberts filed timely objections to Judge Bryant's Report and Recommendation. (ECF No. 74). As to his motion pursuant to § 2255, Roberts objects to Judge Bryant's conclusion that he failed to show adequate grounds for equitable tolling of the statute of limitations. Specifically, Roberts contends that he has demonstrated diligence through filing multiple motions with the Court, as well as with the United States Court of Appeals for the Eighth Circuit. In addition, Roberts asserts that his "clear ignorance of law" demonstrates that he meets the extraordinary prong. (ECF No. 74, p. 2).

Equitable tolling affords an otherwise time-barred petitioner relief from the one-year time limit imposed on § 2255 motions. *U.S. v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). Equitable tolling is proper only if the movant demonstrates (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Fla.,* 560 U.S. 631, 632 (2010). The diligence prong concerns "those affairs within the [movant's] control," while the extraordinary circumstances prong "is meant to cover matters outside [the movant's] control." *Menominee Indian Tribe of Wisconsin v. U.S.*, 136 S. Ct. 750, 756 (2016). Equitable tolling is only available when the movant satisfies both elements of the test. *Id*. at 752.

The Court finds Richards' assertion that equitable tolling is appropriate in this matter unpersuasive. First, the Court is unpersuaded that Richards has met the diligence prong simply through filing multiple motions prior to the instant motion. Such filings do not provide an adequate basis as to why Roberts failed to exercise similar diligence and file his § 2255 motion on or before the deadline explicitly set within the Court's previous order.

However, even if Richards' frequent filings prior to the instant motion are evidence of diligence, he still would not be able to take advantage of equitable tolling because he has failed to demonstrate "extraordinary circumstances." The Eighth Circuit has previously held that ignorance of the law and lack of legal experience is not an "extraordinary circumstance" that would justify equitable tolling for an untimely filing, even for a *pro se* prisoner. *See e.g., Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (holding that a "[p]etitioner's misunderstanding of the Arkansas rules, statutes, and the time period set forth therein do not justify equitable tolling"). Accordingly, Richards has not presented facts or circumstances necessary to warrant equitably tolling the filing deadline for his § 2255 motion.

### B. Certificate of Appealability

Judge Bryant further recommends that no certificate of appealability issue in this matter. Rule 11(a) of the Rules Governing Section 2255 provides that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2255 Rule 11(a). The rule further provides that if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id*. If the court denies a certificate, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id*.

The issuance of a certificate of appealability is only appropriate in a § 2255 proceeding when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. When the court dismisses the petition on procedural grounds, as is the case here, the petitioner can make a "substantial showing" of the denial of a constitutional right if he demonstrates: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" and (2) "that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Upon review of the record, the Court agrees with Judge Bryant's recommendation that a certificate of appealability is improper in this matter because Roberts has not made a substantial showing of the denial of a constitutional right as set forth in 28 U.S.C. § 2253. The record further indicates that reasonable jurists would not find this Court's ruling debatable. Accordingly, the Court concludes that a certificate of appealability should not be issued.

### C. Motion to Certify to the United States Attorney General that the Constitutionality of 18 U.S.C. § 2423(a) Has Been Called Into Question

In addition, Judge Bryant recommends that Richards' Motion Moving the Court to Certify to the United States Attorney General, that 18 U.S.C. § 2423(a)'s Constitutionality Has Been Called Into Question, Pursuant to 28 U.S.C. § 2403 (ECF No. 68) should also be denied. Upon consideration, the Court agrees with Judge Bryant's conclusion that the motion should be denied.

As a preliminary matter, Rule 5.1 of the Federal Rules of Civil Procedure is the rule that implements 28 U.S.C. § 2403. Pursuant to Federal Rule of Civil Procedure 5.1, when a party files a motion which calls the constitutionality of a federal or state statute into question, "[t]he Court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b). However, § 2403 further clarifies that the Court is not obligated to certify to the Attorney General of the fact that the constitutionality of a federal statute has been called into question when the United States, or any agency, officer, or employee thereof, is a party in the suit or proceeding. 28 U.S.C. § 2403(a); see also, *Armstead v. U.S.*, Cr. No. 5:08–0258–MBS, 2015 WL 2381341, at *2 (D.S.C. May 19, 2015).

5

The United States is already a party to this action and has been served with this filing. As a result, the notice requirement set forth in Rule 5.1 has been satisfied. Accordingly, the Court hereby denies Roberts' motion to the extent that it requests that the Court certify to the Attorney General that the constitutionality of a federal statute has been called into question.

Moreover, the Court agrees with Judge Bryant's conclusion that Roberts' constitutional challenge to 18 U.S.C. § 2423(a) in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) should also be denied. As Judge Bryant notes, Roberts has failed to demonstrate that the holding in *Johnson*, which found the residual clause within the Armed Career Criminal Act to be unconstitutionally vague, is applicable to § 2423(a). The Court is especially not inclined to hold the statute unconstitutional in light of the Eighth Circuit's recent denial of Roberts' emergency motion raising a similar challenge. *See Walter Roberts v. U.S.*, Cause No. 16-3012 (8th Cir. 2016). Accordingly, Roberts' Motion Moving the Court to Certify to the United States Attorney General that 18 U.S.C. § 2423(a)'s Constitutionality Has Been Called Into Question, Pursuant to 28 U.S.C. § 2403 should be denied.

   **D.  Motion Refused by the Clerk**

Judge Bryant next recommends that Richards' Motion Requesting That This Court Order the Clerk to File Petitioner's Motion Refused by the Clerk (ECF No. 69) also be denied. On June 28, 2016, Roberts filed a document with the Court entitled "Objection to the Magistrate's Report and Recommendation." (ECF No. 69, p. 2). The record indicates that on July 6, 2016, the Clerk of Court refused Roberts' filing because the motion was filed prior to the issuance of Judge Bryant's Report and Recommendation. (ECF No. 69, p. 4). The Court agrees with Judge Bryant's conclusion that Roberts' objection was premature because no Report and

Recommendation had been issued at the time of filing. *See* 28 U.S.C. § 636(b)(1). Accordingly, the Court finds that this motion should be denied.

## CONCLUSION

For the reasons stated above, based on its own *de novo* review, the Court overrules Roberts' objections and adopts the Report and Recommendation *in toto*. Accordingly, Roberts' Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 55) is hereby **DENIED**. The Court further orders that no Certificate of Appealability issue in that matter. Roberts' Motion to Certify to the United States Attorney General that 18 U.S.C. § 2423(a)'s Constitutionality Has Been Called Into Question, Pursuant to 28 U.S.C. § 2403 (ECF No. 68) is hereby **DENIED**. Roberts' Motion Requesting the Court Order the Clerk to File Petitioner's Motion Refused by the Clerk (ECF No. 69) is also **DENIED**.

**IT IS SO ORDERED**, this 25th day of October, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge