IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                             RESPONDENT

v.                          Case No. 4:12-cr-40026

WALTER RICHARD ROBERTS                                                  MOVANT

## ORDER

Before the Court is Walter Richard Roberts' Motion to Waive Forfeiture of Right to File and Receive FOIA Requests. (ECF No. 86). Respondent the United States of America ("the Government") has filed a response in opposition. (ECF No. 87). Roberts has filed a reply. (ECF No. 88). The Court finds this matter ripe for consideration.

## BACKGROUND

On August 22, 2012, Roberts was indicted for transporting a minor in interstate commerce with intent to engage in criminal sexual activity. (ECF No. 1). Initially, Roberts pleaded not guilty to the Indictment. However, on November 1, 2012, Roberts appeared with counsel for a change of plea hearing. (ECF No. 13). Roberts pleaded guilty to the Indictment, pursuant to a written Plea Agreement. (ECF No. 14). Roberts' Plea Agreement contains a section entitled "**WAVIER OF ACCESS TO RECORDS**" which states:

> 5. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

(ECF No. 14, p. 7).

Roberts now moves the Court to set aside the Waiver of Access to Records provision contained in his Plea Agreement. (ECF No. 86). Specifically, Roberts wants to submit Freedom of Information Act ("FOIA") requests for a witness's statement, a federal investigator's report, grand jury notes, and papers related to his case. (ECF No. 86, p. 1). The Government contends that the Court is without jurisdiction to grant Roberts' motion because the motion amounts to a second or successive 28 U.S.C. § 2255 motion filed without the Eighth Circuit Court of Appeals' permission. (ECF No. 87, p. 6).

## DISCUSSION

### I. Waiver of Movant's Access to Records

"Plea agreements are contractual in nature and should be interpreted according to general contractual principles." *United States v. Thompson*, 403 F.3d 1037, 1039 (8th Cir. 2005). "Where a plea agreement is ambiguous, the ambiguities are construed against the government." *Id.* (citing *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003)). "Allowing the government to breach a promise that induced a guilty plea violates due process." *United States v. Van Thournout*, 100 F.3d 590, 594 (8th Cir. 1996).

Roberts argues that under the terms of his Plea Agreement, the Court has the discretion to restore his right to submit FOIA requests. In response, the Government argues that Roberts' motion necessarily challenges whether he knowingly and voluntarily entered a guilty plea, and thus, that the motion amounts to a second or successive section 2255 motion filed without the Eighth Circuit Court of Appeals' permission. Consequently, the Government argues that the Court lacks jurisdiction to rule on Roberts' motion.

2

Upon consideration, the Court finds that Roberts' motion does not amount to a second or successive section 2255 motion. Roberts does not challenge whether he knowingly and voluntarily entered into the Plea Agreement. Rather, Roberts contends that under the terms of his Plea Agreement, the Court retains the discretion to restore his right to submit FOIA requests. That being said, Roberts' Plea Agreement was accepted by the Court, and the Plea Agreement, including the "Wavier of Access to Records" provision, is both binding and final. The Plea Agreement plainly and unequivocally states that Roberts has waived his rights to submit FOIA and contains no language that would allow the Court to restore Roberts' right to submit FOIA requests. Moreover, to the extent that the Court could restore Roberts' right to submit FOIA requests, the Court declines to do so. Therefore, Roberts' motion should be denied.

## CONCLUSION

For the foregoing reasons, Roberts' Motion to Waive Forfeiture of Right to File and Receive FOIA Requests (ECF No. 86) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 14th day of May, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge