IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

v.                      Case No. 4:12-cr-40026

WALTER RICHARD ROBERTS                                                         MOVANT

## ORDER

Before the Court is Walter Richard Roberts' Motion to Alter or Amend Under FRCP Rule 59(e). (ECF No. 90). The Court finds that no response is necessary and that this matter is ripe for consideration.

## BACKGROUND

On August 22, 2012, Roberts was indicted for transporting a minor in interstate commerce with intent to engage in criminal sexual activity. (ECF No. 1). Initially, Roberts pleaded not guilty to the Indictment. However, on November 1, 2012, Roberts appeared with counsel for a change of plea hearing. (ECF No. 13). There, Roberts pleaded guilty to the Indictment, pursuant to a written Plea Agreement. (ECF No. 14). Roberts' Plea Agreement contained a section entitled "**WAIVER OF ACCESS TO RECORDS**." (ECF No. 14, p. 7). Under this provision of the Plea Agreement, Roberts waived his right to submit Freedom of Information Act ("FOIA") requests. *Id.*

On March 19, 2019, Roberts moved the Court to set aside the Waiver of Access to Records provision contained in his Plea Agreement. (ECF No. 86). Specifically, Roberts argued that it was solely within the Court's discretion to restore his right to submit FOIA requests. (ECF No. 86, p. 1). On May 14, 2019, the Court entered an Order denying Roberts' motion, finding that the

Waiver of Access to Records provision of the Plea Agreement was valid and binding on Roberts. (ECF No. 89). On May 29, 2019, Roberts filed the instant motion, moving the Court to amend its previous ruling and restore his right to submit FOIA requests. (ECF No. 90).

## DISCUSSION

### I. Rule 59(e)

Courts have broad discretion in deciding whether to grant a motion under Rule 59(e). *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N. H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative*, 141 F.3d at 1286 (internal quotation and citation omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative*, 141 F.3d at 1286)).

Upon consideration, the Court finds no manifest error of law or fact which warrants a departure from its previous ruling. The crux of Roberts' argument is that waivers of FOIA rights in plea agreements are unenforceable because they contravene established public policy of allowing criminal defendants to obtain exculpatory evidence. There is nothing which prevented Roberts from raising this argument in his initial motion to restore his FOIA rights and the instant motion is not the proper vehicle to do so. *See Innovative*, 141 F.3d at 1286 (stating Rule 59(e)

motions cannot be used to make new arguments which could have been previously raised). Therefore, Roberts' motion should be denied.

## CONCLUSION

For the foregoing reasons, Roberts' Motion to Alter or Amend Under FRCP Rule 59(e) (ECF No. 90) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 11th day of June, 2019.

                                            /s/ Susan O. Hickey
                                            Susan O. Hickey
                                            Chief United States District Judge