IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                            RESPONDENT

v.                                  Case No. 4:12-cr-40026

WALTER RICHARD ROBERTS                                                                    MOVANT

## ORDER

Before the Court is Movant Walter Richard Roberts' Motion for Relief from Judgment in 28 U.S.C. § 2255 Proceeding Pursuant to Fed. R. Civ. P. 60(b)(6). (ECF No. 94). The Court finds that no response is necessary and that this matter is ripe for consideration.

## BACKGROUND

On August 22, 2012, Movant was indicted for transporting a minor in interstate commerce with intent to engage in criminal sexual activity. (ECF No. 1). Initially, Movant pleaded not guilty to the Indictment. However, on November 1, 2012, Movant appeared with counsel for a change of plea hearing. (ECF No. 13). There, Movant pleaded guilty to the Indictment, pursuant to a written Plea Agreement. (ECF No. 14). The Court sentenced him to a term of one hundred and twenty (120) months' imprisonment on June 3, 2013.

On February 1, 2016, Movant filed a motion for *habeas* relief pursuant to 28 U.S.C. § 2255. (ECF No. 55). The Court referred the matter to United States Magistrate Judge Barry A. Bryant. On August 30, 2016, Judge Bryant entered his Report and Recommendation, recommending that the Court deny Movant's motion for several reasons, including that the motion was untimely. (ECF No. 73). The Court adopted Judge Bryant's Report and Recommendation *in toto* on October 25, 2016. (ECF No. 76). The Eighth Circuit Court of Appeals subsequently denied Movant's

application for a Certificate of Appealability. (ECF No. 82). On March 13, 2018, Movant applied for leave to file a successive *habeas* petition with the Eighth Circuit Court of Appeals. (ECF No. 83). The Eighth Circuit denied Movant's application on July 30, 2018.[1] (ECF No. 84).

## DISCUSSION

Movant moves the Court to undo its order denying him *habeas* relief pursuant to Federal Rule of Civil Procedure 60(b)(6) because he "provided seriously inadequate counsel to himself in preparation of his 28 U.S.C. § 2255 motion."[2]

Rule 60(b)(6) "permits a court to reopen a judgment for any. . . reason that justifies relief." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). However, relief under Rule 60(b)(6) is "an extraordinary remedy" for "exceptional circumstances." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013). Such circumstances rarely occur in the *habeas* context. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Upon consideration, the Court declines to grant Movant relief from judgment denying him *habeas* relief. Movant admits that he "failed" to adequately argue his grounds for relief and that the Court conducted a "careful and charitable review" of his § 2255 motion. (ECF No. 94, p. 4). Movant has also not argued the presence of some hardship or other impediment which prevented him from effectively articulating his grounds for *habeas* relief. Movant's own ineffectiveness in preparing his *habeas* petition is not within the purview of the exceptional circumstances contemplated by Rule 60(b)(6). Plaintiff cites no authority to the contrary. Therefore, the Court finds that the instant motion should be denied.

---

[1] A more complete factual background is contained in Judge Bryant's Report and Recommendation. (ECF No. 73).
[2] From the outset, the Court finds that the instant motion is little more than a thinly veiled attempt to file a successive *habeas* petition without the Eighth Circuit's permission. This is an independent basis for denying the instant motion. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

## CONCLUSION

For the above-stated reasons, Movant's Motion for Relief from Judgment in 28 U.S.C. § 2255 Proceeding Pursuant to Fed. R. Civ. P. 60(b)(6) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 4th day of November, 2019.

<u>/s/ Susan O. Hickey</u>
Susan O. Hickey
Chief United States District Judge